**Scott THELANDER, Petitioner–Appellee,**

v.

**Anthony KANE, Warden, Respondent–Appellant.**

**No. 07–16448.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 11, 2011.*

Filed Jan. 13, 2011.

Steve M. Defilippis, Esquire, Picone & Defilippis San Jose, CA, for Petitioner–Appellee.

Amber N. Wipfler, Esquire, Office of the California Attorney General, San Francisco, CA, for Respondent–Appellant.

Before: KOZINSKI, Chief Judge, WALLACE and SILVERMAN, Circuit Judges.

MEMORANDUM **

Warden Kane appeals from the district court's order granting Thelander's petition for writ of habeas corpus. We dismiss the appeal as moot.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court granted Thelander's habeas petition, concluding that his due process rights were violated when the California Board of Parole (Board) denied parole without "some evidence" that Thelander posed a current risk of danger to society. *See Hayward v. Marshall,* 603 F.3d 546, 562–63 (9th Cir.2010) (en banc). During the pendency of the Warden's subsequent appeal, the Board held another hearing and found Thelander suitable for parole, a decision that recently became final. Accordingly, there is no case or controversy for us to resolve. *See United States v. Verdin,* 243 F.3d 1174, 1177 (9th Cir.2001).

Additionally, "[t]he actual injury traceable to the State of [California] for which [Thelander] seeks relief cannot be redressed by a favorable decision" from this court. *See Burnett v. Lampert,* 432 F.3d 996, 1000–01 (9th Cir.2005) (internal alterations and quotation omitted). While Thelander remains in state custody on an unrelated conviction, we are unable to order his release. *See Haggard v. Curry,* 631 F.3d 931, 937–38 (9th Cir.2010). Based on the claims asserted in his habeas petition, the only relief to which Thelander might be entitled is "a redetermination by the Board consistent with [California's] 'some evidence' requirement." *See id.; see also In re Chaudhary,* 172 Cal.App.4th 32, 37, 90 Cal.Rptr.3d 678 (Cal.Ct.App.2009) (holding that time wrongfully imprisoned after erroneous parole denial cannot be credited towards the five-year parole discharge eligibility requirement). Because the Board has now found Thelander eligible for parole, it is undisputed that he has received this relief, and his claim is therefore moot.

**DISMISSED.**